**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

COREY FORD,

                                        Plaintiff,

        - v -                                           Civ. No. 9:11-CV-212
                                                                (GTS/RFT)

JOSEPH T. SMITH, *Superintendent, Shawangunk Correctional*
*Facility*; C.O. PALMER, *Correctional Officer, Shawangunk*
*Correctional Facility;* LAW, *Correctional Officer/Security*
*Staff Employee, Shawangunk Correctional Facility*; JOHN
DOE, *Correctional Officer, Shawangunk Correctional*
*Facility*; DEGEORGIO, *Correctional Officer, Shawangunk*
*Correctional Facility*; S. LACIKA, JR., *Correctional*
*Officer, Shawangunk Correctional Facility,*

                                        Defendants.

**APPEARANCES:**                                **OF COUNSEL:**

COREY FORD
Plaintiff, *Pro Se*
95-A-8605
Shawangunk Correctional Facility
P.O. Box 700
Wallkill, NY 12584

HON. ERIC T. SCHNEIDERMAN                    ROGER W. KINSEY, ESQ.
New York State Attorney General              Assistant Attorney General
Attorney for Defendants[1]
The Capitol
Albany, NY 12224

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

        Corey Ford, a New York State prison inmate, proceeding *pro se* and *in forma pauperis*,

---

[1] Roger W. Kinsey, Esq., has appeared on behalf of the Defendants except Correctional Officer Palmer, who has not been served, and unnamed Defendant John Doe. *See infra* Part II.E.

commenced this civil rights action, pursuant to 42 U.S.C. § 1983, alleging that the Defendants violated his constitutional rights while he was incarcerated at Shawangunk Correctional Facility. Dkt. No. 9, Am. Compl.  Defendants now bring a Motion for Summary Judgment under Federal Rule of Civil Procedure 56.  Dkt. No. 40.  Plaintiff opposes the Motion.  Dkt. No. 44.  Plaintiff has also filed a Motion to Amend or Supplement his Amended Complaint, pursuant to Federal Rule of Civil Procedure 15,[2] Dkt. No. 43, which Defendants oppose, Dkt. No. 46.  Lastly, Plaintiff has filed a Motion for Sanctions, pursuant to Federal Rule of Civil Procedure 37, Dkt. No. 39, of which Defendants oppose, Dkt. No. 47.  For the reasons that follow, we recommend that Defendants' Motion for Summary Judgment be **granted** in its entirety and both Plaintiff's Motion for Sanctions and Motion to Amend be **denied**.

## I. BACKGROUND

Plaintiff, a "registered member . . . of the Nation of Islam (NOI)," alleges that he was denied hot water in the preparation of his oatmeal during Ramadan in 2009 and 2010 while he was incarcerated at Shawangunk Correctional Facility ("Shawangunk").  *See* Am. Compl.  Specifically, Plaintiff alleges that on or about September 1 and 7, 2009, Defendant Law failed to provide Plaintiff with hot water, on August 14, 2010, Defendant Lacika, Jr., failed to provide Plaintiff with hot water, and that on August 30, 2010, Defendant DeGiorgio failed to provide Plaintiff with hot water.  *Id.* at ¶ 18, 21-22, & 24.

On August 25, 2009, Plaintiff filed a grievance about the lack of hot water for his oatmeal. Dkt. No. 40-1, Defs.' Statement Pursuant to Rule 7.1(a)(3) [hereinafter "Defs.' 7.1 Statement"], at

---

[2] Plaintiff states he is bringing his Motion to Amend or Supplement pursuant to Rule 24 of the Federal Rules of Civil Procedure, which actually pertains to intervention. However, given Plaintiff's *pro se* status, this Court will treat the Motion to Amend and/or Supplement as pursuant to Rule 15 of the Federal Rule of Civil Procedure.

¶ 1. Defendant Smith, the Superintendent of Shawangunk, claims that this grievance was "properly investigated," whereupon it was discovered that the memorandum to the correctional facility staff pertaining to NOI Ramadan did not include the direction to provide hot water, and that correctional staff "solved the problem." *Id.* at ¶¶ 2-4. Plaintiff, on the other hand, "dispute[s] the problem was . . . resolved." Dkt. No. 44-3, Pl.'s Statement Pursuant to Rule 7.1(a)(3) [hereinafter "Pl.'s 7.1 Statement"], at ¶ 4. Plaintiff appealed Defendant Smith's decision to the Central Office Review Committee ("CORC"), who upheld the decision. Defs.' 7.1 Statement at ¶¶ 5-6.

On September 6, 2010, Plaintiff filed another grievance, again claiming that he was not provided hot water for his oatmeal. *Id.* at ¶ 7. Defendant Smith dismissed Plaintiff's grievance, maintaining that an investigation of the incident found that staff did not initially provide Plaintiff with hot water but that they self-corrected the matter and eventually provided Plaintiff with hot water. *Id.* at ¶ 8. Plaintiff claims that he was deprived of hot water maliciously, and he appealed the decision to CORC. Pl.'s 7.1 Statement at ¶¶ 8 & 11.

Plaintiff claims that Defendants violated his rights under the First Amendment and RLUIPA, as well as violating his right to Equal Protection of the law under the Fourteenth Amendment. *See* Am. Compl.

## II. DISCUSSION

### A. Standard of Review

Pursuant to FED. R. CIV. P. 56(a), summary judgment is appropriate only where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the burden to demonstrate through "pleadings, depositions, answers to interrogatories, and admissions on file, together with [ ] affidavits, if any," that there is no genuine

issue of material fact. *F.D.I.C. v. Giammettei*, 34 F.3d 51, 54 (2d Cir. 1994) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). "When a party has moved for summary judgment on the basis of asserted facts supported as required by [Federal Rule of Civil Procedure 56(e)] and has, in accordance with local court rules, served a concise statement of the material facts as to which it contends there exist no genuine issues to be tried, those facts will be deemed admitted unless properly controverted by the nonmoving party." *Glazer v. Formica Corp.*, 964 F.2d 149, 154 (2d Cir. 1992).

To defeat a motion for summary judgment, the non-movant must set out specific facts showing that there is a genuine issue for trial, and cannot rest merely on allegations or denials of the facts submitted by the movant. FED. R. CIV. P. 56(c); *see also Scott v. Coughlin*, 344 F.3d 282, 287 (2d Cir. 2003) ("Conclusory allegations or denials are ordinarily not sufficient to defeat a motion for summary judgment when the moving party has set out a documentary case."); *Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 525-26 (2d Cir. 1994). To that end, sworn statements are "more than mere conclusory allegations subject to disregard . . . they are specific and detailed allegations of fact, made under penalty of perjury, and should be treated as evidence in deciding a summary judgment motion" and the credibility of such statements is better left to a trier of fact. *Scott v. Coughlin*, 344 F.3d at 289 (citing *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983) and *Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995)).

When considering a motion for summary judgment, the court must resolve all ambiguities and draw all reasonable inferences in favor of the non-movant. *Nora Beverages, Inc. v. Perrier Group of Am., Inc.*, 164 F.3d 736, 742 (2d Cir. 1998). "[T]he trial court's task at the summary judgment motion stage of the litigation is carefully limited to discerning whether there are any

genuine issues of material fact to be tried, not to deciding them.  Its duty, in short, is confined at this point to issue-finding; it does not extend to issue-resolution." *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1224 (2d Cir. 1994).  Furthermore, where a party is proceeding *pro se*, the court must "read [his or her] supporting papers liberally, and . . .  interpret them to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994), *accord*, *Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995).  Nonetheless, mere conclusory allegations, unsupported by the record, are insufficient to defeat a motion for summary judgment.  *See Carey v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991).

## B. First Amendment and RLUIPA Claims

Plaintiff alleges that his constitutional and statutory freedom of religious expression rights were violated when Defendants failed to provide him with hot water for his oatmeal during the holy month of Ramadan.  *See* Am. Compl. at ¶ 1.

The First Amendment to the United States Constitution guarantees the right to free exercise of religion.  U.S. CONST. amend. I; *Cutter v. Wilkinson*, 544 U.S. 709, 719 (2005).  The free exercise clause applies to prison inmates, subject to appropriate limiting factors.  *Ford v. McGinnis*, 352 F.3d 582, 588 (2d Cir. 2003) ("Prisoners have long been understood to retain some measure of the constitutional protection afforded by the First Amendment's Free Exercise Clause.") (citing *Pell v. Procunier*, 417 U.S. 817, 822 (1974)).  Additionally, "courts have generally found that to deny prison inmates the provision of food that satisfies the dictates of their faith does unconstitutionally burden their free exercise rights." *McEachin v. McGuinnis*, 357 F.3d 197, 203 (2d Cir. 2004).

Further, the Religious Land Use and Institutionalized Person Act ("RLUIPA") provides, in pertinent part, that

> [n]o government shall impose a substantial burden on the religious exercise of a
> person residing in or confined to an institution . . . even if the burden results from a
> rule of general applicability, unless the government demonstrates that imposition of
> a burden on that person –
> (1) is in furtherance of a compelling governmental interest; and
> (2) is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. § 2000cc–1(a).

The principles which guide the analysis of a plaintiff's free exercise claim are similar to those applicable to an RLUIPA cause of action, although the two claims are analyzed under somewhat different frameworks. *See Salahuddin v. Goord*, 467 F.3d 263, 274 (2d Cir. 2006). RLUIPA prohibits governmental entities subject to its reach from imposing a substantial burden on religion without a compelling governmental interest, even where it stems from a generally applicable law, practice, or policy; this law places a higher burden on defendants than does the First Amendment, which requires only that an infringement be "reasonably related to legitimate penological interests." *Dove v. Broome County Corr. Facility*, 2011 WL 1118452, at *10 (N.D.N.Y. Feb. 17, 2011) (internal citations omitted). While the statute does not define "substantial burden," the Second Circuit has assumed that "[s]ince substantial burden is a term of art in the Supreme Court's free exercise jurisprudence . . . Congress, by using it, planned to incorporate the cluster of ideas associated with the Court's use of it." *Westchester Day Sch. v. Vill. of Mamaroneck*, 504 F.3d 338, 348 (2d Cir. 2007) (citations omitted). The Supreme Court has held that a substantial burden is one that "put[s] substantial pressure on an adherent to modify his behavior and to violate his beliefs." *Thomas v. Review Bd. of Ind. Employment Sec. Div.*, 450 U.S. 707, 717-718 (1981) (cited in *Westchester Day Sch. v. Vill. of Mamaroneck*).

After reviewing the record before this Court, we find that Plaintiff does not have viable claims under the First Amendment and RLUIPA. We note that Plaintiff and Defendants disagree

over the number of times that Plaintiff was denied hot water for the preparation of his oatmeal

during Ramadan. Defendants claim that Plaintiff was inadvertently denied hot water for his oatmeal

on two occasions, while Plaintiff claims that this deprivation occurred on four separate occasions.

*See* Defs.' 7.1 Statement at ¶¶ 1-3, 7-8, & 33; Pl.'s 7.1 Statement at ¶¶ 3, 8, & 33. However, even

assuming that Plaintiff was denied hot water on four occasions, which span approximately a year,

such facts would not constitute a First Amendment violation. Rather, the temporary and sporadic

deprivation of hot water is more akin to a mere inconvenience amounting to a *de minimis* violation

of Plaintiff's rights. *See*, *e.g.*, *McEachin v. McGuinnis*, 357 F.3d at 203 n.6 ("There may be

inconveniences [regarding denials of religiously required food] so trivial that they are most properly

ignored."); *Alster v. Goord*, 745 F. Supp. 2d 317, 342 (S.D.N.Y. 2010) ("The lack of menu diversity

[and] occasional oversights . . . do 'not constitute a violation under the First Amendment or

RLUIPA, as any violation was *de minimis*.'") (quoting *Tafari v. Annets*, 2008 WL 2413995, at *16

(S.D.N.Y. June 12, 2008) (noting that a single meal that was not in accordance with plaintiff's

religious dietary needs was a *de minimis* violation insufficient to constitute a violation under the

First Amendment)).

Further, Plaintiff's lack of hot water for his oatmeal on four occasions did not rise to the level

of a substantial burden to his religious beliefs under RLUIPA. *See Brown v. Graham*, 470 Fed.

App'x 11, 15 (2d Cir. 2012) (finding that a defendant's singular failure to provide a meal that

comports to a plaintiff's religious requirements does not rise "to the level of a substantial burden on

[plaintiff's] religious freedom"). Plaintiff fails to provide any evidence that eating oatmeal prepared

with hot water is integral to his religious exercise, or that any part of his ritual or observance was

affected by Defendants' limited and sporadic deprivation of hot water within the two-year period

he complains about.

Therefore, there is nothing in this record that could support a reasonable jury from concluding that Plaintiff's rights under either the First Amendment or RLUIPA were violated by the Defendants.  Accordingly, we recommend these claims be **dismissed**.

### C. Equal Protection Claim

Furthermore, interpreting Plaintiff's Amended Complaint liberally, Plaintiff may be attempting to assert an Equal Protection claim.  "The Equal Protection Clause of the Fourteenth Amendment 'is essentially a direction that all persons similarly situated should be treated alike.'" *Roth v. City of Syracuse*, 96 F. Supp. 2d 171, 178 (N.D.N.Y. 2000) (quoting *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985)).  To establish an Equal Protection violation, plaintiff must show purposeful discrimination directed to an identifiable class. *Giano v. Senkowski*, 54 F.3d 1050, 1057 (2d Cir. 1995) (cited in *Greco v. County of Nassau*, 146 F. Supp. 2d 232, 248 (E.D.N.Y. 2001)).

In his Amended Complaint, Plaintiff makes the conclusory statement that Jewish inmates in the Special Housing Unit ("SHU") are provided with up to four cups of hot water per day to prepare their dry oatmeal.  Am. Compl. at ¶ 14.  However, Plaintiff fails to provide this Court with any evidence supporting his allegations, and as such, he has wholly failed to show purposeful discrimination by Defendants.  To the extent that Plaintiff has raised an Equal Protection claim, it should be **dismissed**.

### D. Qualified Immunity

In light of the above analysis wherein this Court has assessed no constitutional violation occurred, it is unnecessary for us to consider this affirmative defense. *Saucier v. Katz*, 533 U.S. 194,

201 (2001) ("If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity.").

### E. Unserved Defendant

Under Federal Rule of Civil Procedure 4(c)(1), the plaintiff is responsible for service of the summons and complaint for each defendant within a specified time period.  Specifically, the plaintiff must effectuate service of process within 120 days of the filing of the complaint.  FED. R. CIV. P. 4(m).[3]  Failure to properly serve any defendant in accordance with the Federal Rules will result in the court, upon motion or on its own initiative, dismissing the case without prejudice as to that defendant.  *Id.*

In this case, there is no indication that Defendant C.O. Palmer has ever been served.  Further, because Plaintiff has failed to identify the Doe Defendant, whom he asserts participated in the deprivation of hot water, that Defendant has also not been served nor joined in this action.  Although the courts must afford plaintiffs notice before they may dismiss a claim for failure to serve a defendant, *see* FED. R. CIV. P. 4(m), in this case, because Plaintiff's claims lack merit, granting Plaintiff the opportunity to properly serve Defendant Palmer, or additional discovery to identify the Doe Defendant, would be futile.  Thus, it is recommended that Plaintiff's claims against Defendants C.O. Palmer and Doe be **dismissed**.

### F. Amendment or Supplement of Pleading

Plaintiff has also filed a Motion seeking to "supplement and or amend [the] complaint."  Dkt. No. 43, at ¶ 1.  This District's Local Rule 7.1(a)(4), entitled "Motions to Amend or Supplement Pleadings or for Joinder or Interpleader," states in part:

---

[3] Under the Local Rules for the Northern District of New York, a plaintiff must effectuate service within sixty (60) days.  N.D.N.Y.L.R. 4.1(b).

> A party moving to amend a pleading pursuant to Fed. R. Civ. P. 14, 15, 19-22 must attach an unsigned copy of the proposed amended pleading to its motion papers. Except if the Court otherwise orders, the proposed amended pleading must be a complete pleading, which will supersede the original pleading in all respects. A party shall not incorporate any portion of its prior pleading into the proposed amended pleading by reference. The motion must set forth specifically the proposed amendments and identify the amendments in the proposed pleading, either through the submission of a red-lined version of the original pleading or other equivalent means.

N.D.N.Y.L.R. 7.1(a)(4)

Plaintiff has not provided a proposed amended complaint, nor a supplemental complaint, pursuant to Local Rule 7.1(a)(4). However, in the interest of justice, and pursuant to Plaintiff's *pro se* status, the Court will nevertheless address the merits of the Motion.

Plaintiff appears to want to add new defendants and new claims to his action that center around a prison policy that prevents inmates in keeplock confinement in SHU from participating in religious familial celebrations. *See generally* Mot. to Amend. Defendants oppose the Motion, noting that the policy at issue here "is simply outside the scope of the former complaint." Dkt. No. 46. We agree. Claims regarding Shawangunk's policy regarding familial religious events as they pertain to inmates in SHU are completely separate and distinct from the claims in this action. Further, besides Defendant Smith, the Superintendent of Shawangunk, the proposed new defendants are completely different from those named in Plaintiff's Amended Complaint.

Leave to amend should be freely granted, but the district court has the discretion to deny leave if there is a good reason for it, such as futility, bad faith, undue delay, or undue prejudice to the opposing party. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Jin v. Metro. Life Ins. Co.*, 310 F.3d 84, 101 (2d Cir. 2002); *see also Barrows v. Forest Labs., Inc.*, 742 F.2d 54, 58 (2d Cir. 1984) ("[C]onsiderations of undue delay . . . and prejudice to the opposing party [are] touchstones of a district court's discretionary authority to deny leave to amend.") (quoted in *O'Hara v. Weeks*

*-10-*

*Marine, Inc.*, 294 F.3d 55, 70 (2d Cir. 2002)).  Here, introducing completely new and independent claims, directed at new and separate defendants, would require re-opening the period of discovery that closed on December 17, 2011, and would unduly delay the course of these proceedings.  *See Grace v. Rosenstock*, 228 F.3d 40, 53-54 (2d Cir. 2000) (finding a court has discretion to deny leave to amend where the "motion would unduly delay the court of proceedings by, for example, introducing new issues for discovery").  Therefore, and coupled with Plaintiff's failure to adhere to the procedural guidelines of Local Rule 7.1(a)(4) in this District, Plaintiff's Motion to Amend or Supplement his Pleading is **denied**.

### G. Sanctions

Lastly, Plaintiff seeks sanctions against Defendants for their failure to provide requested discovery material.  Dkt. No. 39.  Defendants oppose the Motion.  Dkt. No. 47.  Given this Court's recommendation that Plaintiff's entire case be dismissed, there is no need to address the issue of sanctions, as it is now moot.  Accordingly, Plaintiff's Motion for Sanctions is **denied**.

### III. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Defendants' Motion for Summary Judgment (Dkt. No. 40) be **granted**; and it is further

**RECOMMENDED**, that Defendants Palmer and Doe be dismissed from this action; and it is further

**ORDERED**, that Plaintiff's Motion to Amend (Dkt. No. 43) and Motion for Sanctions (Dkt. No. 39) are **denied**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and

Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court.

**FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).


Date:   August 17, 2012
        Albany, New York


_____
Randolph F. Treece
U.S. Magistrate Judge

*-12-*