U.S. DISTRICT COURT - N.D. OF N.Y.
FILED
JUL 21 2014
AT____O'CLOCK____
Lawrence K. Baerman, Clerk - Syracuse

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| COREY FORD | STIPULATION AND ORDER |
| *Plaintiff*, | OF DISCONTINUANCE |
| | PURSUANT TO RULE 41(A) |
| -against- | |
| | 11-cv-00212 |
| JOSEPH T. SMITH, *et al.*, | |
| | GTS/RFT |
| | CFH [Mediation] |
| *Defendants*. | |

---

    IT IS HEREBY STIPULATED AND AGREED by and between the undersigned, plaintiff Corey Ford, Daniel R. Rose, Esq., an attorney with Costello, Cooney Law Firm, appearing for plaintiff, and Eric T. Schneiderman, Attorney General of the State of New York, Colleen D. Galligan, Assistant Attorney General, of counsel, appearing for defendants, the parties to the above entitled-action, that, whereas no party hereto is an infant or incompetent person for whom a committee has been appointed, and no person not a party has an interest in the subject matter of the action, the above-entitled action be and the same hereby is settled on the particular circumstances of this case, on the following terms and conditions, which it is agreed are of and shall have no legal precedential value in any other case either between the parties to this case or any other parties:

    1.    Pursuant to Rule 41(a) of the Federal Rules of Civil Procedure, plaintiff hereby discontinues this action with prejudice and without damages, costs, interest or attorneys fees, under the conditions described in Paragraph 5 of this agreement, as against Ryan Law ("defendant"), and discharges and releases defendant Law, and the State of New York, including its agencies,

subdivisions, employees, private contractors or assignees, of any and all claims, demands, or causes of actions, known or unknown, now existing or hereafter arising, whether presently asserted or not, which relate in any way to the subject matter of this action, and further agrees to discontinue and/or not to commence or to pursue in any court, arbitration or administrative proceeding, any litigation, appeal or claim against the defendant and others released hereby pertaining to the underlying facts, circumstances or incidents that gave rise to the aforementioned actions, or any results of the aforementioned facts, circumstances or incidents.

2. The parties agree that no provision of this settlement shall be interpreted to be an acknowledgment of the validity of any of the allegations or claims that have been made in the action.

3. This settlement does not constitute a determination of, or admission by any party to any underlying allegations, facts or merits of their respective positions. The settlement of this action is limited to the circumstances in this case alone and shall not be given effect beyond the specific provisions stipulated to. This settlement does not form and shall not be claimed as any precedent for or an agreement by the parties to any generally applicable policy or procedure in the future.

4. Following the execution of this Stipulation, and its being ordered by the Court the settling defendant shall pay to plaintiff the sum of One Thousand Five Hundred ($1500.00) Dollars in full settlement of any and all claims, which amount includes all sums to which plaintiff is entitled, including but not limited to damages, costs, and attorney's fees. Plaintiff's check will be mailed to Great Meadow Correctional Facility for deposit in his inmate account, or, in the event plaintiff is transferred prior to the issuance of the check, to the correctional facility in which he is incarcerated at the time the check is mailed.

5. Payment by the settling defendant of the amount specified in paragraph 5 is conditioned on the approval of all appropriate state officials in accordance with the provisions for indemnification under section 17 of the New York Public Officers Law.

6. Payment of the amount referenced in paragraph 5 will be made within one hundred and twenty (120) days after the approval of this Stipulation by the Court and receipt by counsel of a copy of the so-ordered stipulation, unless the provisions of Chapter 62 of the Laws of 2001 apply to the plaintiff and the payment hereunder constitutes "funds of a convicted person" under the Son of Sam Law, in which event, the one hundred and twenty (120) day payment period shall be extended by an additional thirty (30) days to allow for compliance with that law.

7. In the event that the terms of paragraph 6 are satisfied, but payment is not made within the periods set forth in paragraph 7, interest shall begin to accrue on the outstanding principal balance at the statutory rate on the 121st day after court approval or the 151st day after court approval if the provisions of Chapter 62 of the Laws of 2001 apply to plaintiff.

8. This stipulation shall be null and void if the approvals referred to in paragraph 6 are not obtained, and these actions shall then be placed back on the active docket without prejudice.

9. Plaintiff represents and warrants that he is not a Medicare recipient, that he has never been on Medicare or Social Security Disability, that no conditional payments have been made by Medicare, and that he does not expect to be a Medicare recipient within the next 30 months.

10. The foregoing constitutes the entire agreement of the parties.

Dated: Albany, New York
      July 17, 2014

_____
Corey Ford, Plaintiff pro se

Dated: Albany, New York
      July 17, 2014

_____
Daniel R. Rose, Esq.
Costello, Cooney Law Firm
Counsel for Plaintiff
500 Plum Street, Suite 300
Syracuse, NY 13204
(315) 422-1152

Dated: Albany, New York
      July 17, 2014

ERIC T. SCHNEIDERMAN
Attorney General of the State of New York
Attorney for Defendants
The Capitol, Albany, New York 12224-0341

By: _____
COLLEEN D. GALLIGAN
Assistant Attorney General, of Counsel
Bar Roll No. 105167
Telephone: (518) 474-4402
Email: colleen.galligan@ag.ny.gov

Dated:   Albany, New York
        July 17, 2014

SO ORDERED:

_____
HON. CHRISTIAN F. HUMMEL
UNITED STATES MAGISTRATE JUDGE

4